IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAVANNA HENDERSON                                                                  PLAINTIFF

v.                              CIVIL NO. 5:24-cv-05232

FRANK BISIGNANO, Commissioner                                                      DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Savanna Henderson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner), ceasing her entitlement to supplemental security income (SSI) under Title XVI of the Social Security Act (Act), 42 U.S.C. § 1382c(a)(3)(A), as of March 31, 2022. (ECF Nos. 2, 10).

### I.     Procedural Background:

Plaintiff received supplemental security benefits based on disability as a child. (Tr. 20). A Plaintiff's childhood award is to be redetermined when she reaches age eighteen by applying the criteria used in determining initial eligibility for individuals who are age eighteen or older. 42 U.S.C. § 1382c(a)(3)(H)(iii), 20 C.F.R. § 416.987(b). Plaintiff attained the age of eighteen on August 11, 2021, and on March 31, 2022, it was determined that Plaintiff was no longer disabled as of that date. (Tr. 20). Plaintiff alleges an inability to work due to: Bipolar I disorder, ADHD, anxiety, depression, mania, suicidal tendencies, and hyperplasia. (Tr. 144, 343, 446). An administrative hearing was held via telephone on October 12, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 93–133). A vocational expert (VE) and Plaintiff's mother, Crystal Henderson, also testified at this hearing. *Id.*

On January 23, 2024, the ALJ issued an unfavorable decision. (Tr. 20–31). The ALJ found that, since March 1, 2022, Plaintiff suffered from the following severe impairments: bipolar disorder, post-traumatic stress disorder, and dependent personality disorder. (Tr. 22–23). The ALJ found Plaintiff's alleged impairments of pulmonary hypertension and back pain were not medically determinable impairments. *Id*. After reviewing all evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23–24). The ALJ found that, since March 1, 2022, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: no exposure to obvious hazards such as open pits, moving machinery and unprotected heights. The claimant can also: understand, carry out and remember simple instructions where the work is not fast paced, meaning no work where the pace of work is directed by an assembly line, conveyor belt or similar; make judgments on simple work, and respond appropriately to usual work situations and changes in a routine work setting that is repetitive from day to day with few and expected changes; and respond appropriately to supervision, occasional contact with coworkers where there is no working in team or tandem with coworkers, and no more than incidental contact with the general public.

(Tr. 24–30).

With the help of a VE, the ALJ determined that Plaintiff had no past relevant work but would be able to perform the representative occupations of dishwasher, housekeeping cleaner, or hospital cleaner. (Tr. 30–31). The ALJ found Plaintiff had not been under a disability, as defined by the Act, since March 1, 2022. (Tr. 31).

Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on September 17, 2024. (Tr. 4–6). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs, and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36(b). (ECF Nos. 12, 14, 16). The Court has reviewed the

entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.      Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

### III.   Discussion

Plaintiff argues in her initial brief that the ALJ erred as a matter of law by failing to include, or alternatively to explain the exclusion of, some of the social limitations opined by state agency psychological consultants Dr. Melanie Nichols and Dr. Lionel Hudspeth, despite finding their opinions persuasive. (ECF No. 12, p. 12). Specifically, the ALJ adopted their opinions that Plaintiff would be limited to minimal contact with coworkers, but did not adopt their opinions that Plaintiff would be limited to minimal contact with supervisors – and failed to explain why any limitation regarding interactions with supervisors was omitted. *Id* at 14. Plaintiff argues this is clearly error as this limitation is consistent with the record, including a history of difficulties with others both at school and at work. *Id* at 16. Plaintiff alleges that the ALJ's omission of any limitations regarding interactions with supervisors is reversible error, and this error cannot be considered harmless error as the ability to accept instructions and respond appropriately to supervisors is considered critical to the performance of even unskilled work according to the Program Operations Manual System (POMS) promulgated by the Social Security Administration. *Id*. Plaintiff argues

that this error in the RFC also resulted in a defective hypothetical being presented to the VE, meaning the testimony from the VE was not substantial evidence. *Id*.

Defendant argues that substantial evidence supports the ALJ's RFC findings, and that the ALJ was not required to adopt verbatim the social limitations opined by Dr. Nichols and Dr. Hudspeth. (ECF No. 14). Defendant points out that the ALJ did present a hypothetical to the VE that included only occasional interaction with supervisors, and the VE testified that Plaintiff would still be able to perform the jobs identified. (ECF No. 14, p. 5, citing Tr. 130). Defendant also argues that, as all jobs identified were unskilled work and unskilled work involves dealing primarily with objects rather than people or data, Plaintiff's step five argument lacks merit. *Id*.

Plaintiff submitted a reply brief addressing the opinions cited by Defendant for the proposition that the ALJ was not required to adopt the opinions of Dr. Nichols and Dr. Hudspeth, and argues those cases can be differentiated as the ALJs in those cases did account for all limitations in the persuasive medical opinion, they simply translated the opinions into something more concrete for the VE—whereas here the ALJ entirely omitted any limitations regarding interactions with supervisors and failed to explain this omission. (ECF No. 16, pp. 3–4).

RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barnhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's

5

ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

Here, the ALJ specifically found Plaintiff could respond appropriately to supervision. (Tr. 24). In discussing the evidence of record the ALJ noted Plaintiff had been described as cooperative, calm and pleasant in various treatment notes and at a consultative examination. (Tr. 28). The ALJ also considered Plaintiff's ability to live with her family, maintain a romantic relationship, and maintain the superficial contact required to order from a drive-through. *Id*. The ALJ acknowledged evidence that Plaintiff had been moved to online schooling due to behavioral problems including fighting and noted one failed work attempt at Golden Corral which lasted about four months. (Tr. 28). The ALJ did not explicitly consider Plaintiff's mother's testimony that Plaintiff had difficulties with her manager at Dollar General and threatened said manager when she left that job. (Tr. 128). While the ALJ is not required to explicitly discuss every piece of evidence, it is concerning that these difficulties with her manager were not addressed in a decision which found Plaintiff was able to respond appropriately to supervision—particularly when that finding contradicts persuasive medical opinion evidence.

In discussing the opinion evidence provided by Dr. Nichols, the ALJ recites some of her findings including Dr. Nichols' finding that Plaintiff would be limited to minimal contact with co-workers and supervisors and no contact with the public. (Tr. 29). The ALJ found that Dr. Nichols' findings were supported by citations to medical and other evidence of record and were consistent with the evidence discussed within the overall opinion, but did find that three to four step tasks is not a vocationally meaningful distinction and therefore found the opinion partially persuasive. *Id*. Notably, the ALJ did not discuss or discount Dr. Nichol's opinion that Plaintiff would be limited

6

to minimal contact with co-workers and supervisors. *Id*. When discussing Dr. Hudspeth's opinion, the ALJ found that the opinion was supported by the evidence and consistent with the record, but it was only partially persuasive as the ALJ found Plaintiff was more limited than Dr. Hudspeth opined based on mood lability, inattention, and limited insight. *Id*. While changes were made to how the Social Security Administration treats medical opinions which impact all cases filed on or after March 27, 2017, an ALJ is still required to resolve conflicts between the RFC findings and opinions from a medical source. *See* 20 C.F.R. § 404.1520c; *Stafford v. Kijakazi*, 2022 WL 350861 at *4 (W.D.Mo. Feb. 7, 2022)(Finding ALJ erred where the RFC deviated from an opinion the ALJ found generally persuasive).

The ALJ did not at any point in the RFC analysis acknowledge that there was a difference between her RFC findings and the psychological consultants' opinions, nor did she reconcile that difference with her finding that those opinions were persuasive. (Tr. 30–33). The Eighth Circuit has made it clear that while a deficiency in opinion writing does not require remand, so long as it had no bearing on the outcome, reviewing courts do not speculate on what basis the Commissioner denied a claim. *Collins v. Astrue*, 648 F.3d 869, 872 (8th Cir. 2011). The ALJ does not make any mention of finding a limitation to only minimal contact with supervisors to be unpersuasive with regard to either Dr. Nichols' or Dr. Hudspeth's opinion, leaving the Court unable to determine on what basis this limitation was excluded.

While Defendant argues that the ALJ's step five finding of unskilled occupations accounted for Plaintiff's social limitations, the ALJ did not make any such finding. Defendant's argument that the ALJ asked the VE about the impact of a limitation to occasional contact with supervisors does show that the ALJ considered including this limitation, but it does not change the fact that the ALJ never acknowledges that this opined limitation was excluded, and never

7

provides any reasoning for excluding the limitation in her final decision. This Court's review of the Commissioner's decision is limited to the rationale provided by the ALJ. *See Bonnett v. Kijikazi*, 859 Fed. Appx. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error); *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination).

The ALJ did not provide adequate analysis to allow the Court to determine why the RFC determination conflicts with the opinions that were found persuasive; and we do not have adequate analysis to allow the Court to determine whether the ALJ would have reached the same decision if she had adopted an RFC that accounted for all of the opined limitations. The Court therefore recommends remand for the ALJ to more clearly consider the Plaintiff's RFC.

### IV.   Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of July 2025.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE